**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER J. HONESTO, | No.    18-16497 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00467-LJO-EPG |
| v. | |
| GAVIN NEWSOM; et al.,* | MEMORANDUM** |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted June 11, 2019***

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

California state prisoner Peter J. Honesto appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal claims.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Wilhelm v.*

---

\*       Gavin Newsom has been substituted for his predecessor, Edmund G.
Brown, Jr., as Governor of California under Fed. R. App. P. 43(c)(2).

\*\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A)

*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Honesto's conditions-of-confinement claim against defendants Schwarzenegger, Hartley, and Adams in their individual capacities because it would not have been clear to every reasonable official that housing Honesto in prisons in the Central Valley, where Valley Fever is endemic, was unlawful under the circumstances. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (explaining two-part test for qualified immunity); *Hines v. Youseff*, 914 F.3d 1218, 1229-30 (9th Cir. 2019) (existing Valley Fever cases did not clearly establish a "right to be free from heightened exposure to Valley Fever spores").

The district court properly dismissed Honesto's claim under Title II of the Americans with Disabilities Act because Honesto failed to allege facts sufficient to state a plausible claim for relief. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010) (elements of a claim under Title II); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**